UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE NO. |
| v. : | 3:15-CR-00120 (VAB) |
| : | |
| WILSON VASQUEZ , ET AL : | SEPTEMBER 19, 2016 |

### ORDER REGARDING MOTION TO SEVER AS TO WILSON VASQUEZ

Defendant, Wilson Vasquez, has now moved to sever his case from that of his co-defendant, Alfredo Collazo. Mot. for Severance, ECF No. 474. Mr. Vasquez argues that Mr. Collazo intends to present a defense at trial that would be prejudicial to Mr. Vasquez. *Id*. For the reasons set forth below, Mr. Vasquez's motion is **DENIED**.

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Salameh*, 152 F. 3d 88, 115 (2d Cir. 1998). This is particularly true where, as here, the defendants are alleged to have participated in a common plan or scheme. *Salameh*, 152 F. 3d at 115; *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003). Fed. R. Crim. P. 14(a) allows for the severance of a defendant where "consolidation for trial appears to prejudice a defendant," and the decision to grant or deny a severance lies soundly within the discretion of this Court. *See United States v. Diaz*, 176 F.3d 52, 102 (2d Cir. 1999) ("The decision to sever a joint trial of federal defendants is 'committed to the sound discretion of the trial judge'") (citing *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir.1989)).

1

Where a motion for severance is based on antagonistic defenses, severance is only warranted where a joint trial would "compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (1993). "Mutually antagonistic defenses are not prejudicial *per se*." *Id*. at 538.  "In order to make a showing of 'mutually antagonistic' or 'irreconcilable defenses,' the defendant must make a factual demonstration that 'acceptance of one party's defense would tend to preclude the acquittal of [the] other.'" *Salameh*, 152 F. 3d at 116 (internal citations omitted); *see also United States v. O'Connor*, 650 F.3d 839, 858 (2d Cir. 2011) (requiring severance where "acceptance of one defendant's defense requires that the testimony offered on behalf of a codefendant be disbelieved").

Here, Mr. Vasquez's sole basis for requesting a severance is a statement from Mr. Collazo's attorney that Mr. Collazo intends to testify that he "purchased narcotics from Mr. Vasquez…for his personal use." Mot. for Severance 1, ECF No. 474.  Mr. Vasquez has been charged with one count of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin in this case.  Superseding Indictment, ECF No. 337.  The defense allegedly proposed by Mr. Collazo's counsel, if believed by the jury, would suggest only that Mr. Vasquez provided Mr. Collazo with heroin, not that Mr. Vasquez engaged in a conspiracy. Accordingly, Mr. Vasquez has not established that "acceptance of [Mr. Collazo's] defense would tend to preclude the acquittal of [Mr. Vasquez]" as required for severance based on mutually antagonistic defenses.  *Salameh*, 152 F.3d at 116.[1]

---

[1] Given Mr. Vasquez's failure to establish that this alleged defense of Mr. Collazo would result in mutually antagonistic defenses under the prevailing Second Circuit case law, the Court need not and does not address the issue of whether Mr. Collazo is likely to waive his Fifth Amendment privilege and testify at all, regardless of whether such testimony would be unhelpful to Mr. Vasquez's case.  *See O'Connor*, 650 F.3d at 59 ("a defendant's professed desire to elicit trial testimony from a codefendant does not require a severance where there is no showing of a likelihood that the codefendant would waive his Fifth Amendment Privilege and testify at a severed trial or where, if the codefendant testified, it is likely that his testimony would be subject to damaging impeachment").

Mr. Vasquez's Motion for Severance is **DENIED**.

SO ORDERED in Bridgeport, Connecticut this 19th day of September, 2016.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
DISTRICT JUDGE
